[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10443
Non-Argument Calendar

_____

D. C. Docket No. 07-00870-CV-W-N

HARRY L. MCCALL,

Plaintiff-Appellant,

versus

H. G. CROSTHWAIT,
MPD Police Officer,
BOBBY BRIGHT,
Mayor,
ARTHUR BAYLOR,
Chief of Police,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 2, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Harry L. McCall appeals <u>pro se</u> from the district court's grant of summary judgment to Officer H.G. Crosthwait in McCall's civil rights action brought pursuant to 42 U.S.C. § 1983.[1] McCall alleged that Officer Crosthwait used excessive force in violation of the Fourth and Fourteenth Amendments when he pushed McCall toward a jail cell, causing him to hit the cell door and fall against a plexiglass window. On summary judgment, the district court found that the force Crosthwait used was minimal, that the <u>de minimus</u> principle applied, and that Crosthwait, who was performing a discretionary function at the time of the incident complained of, was entitled to qualified immunity. The court therefore granted Crosthwait summary judgment. McCall now appeals, arguing that Officer Crosthwait was not entitled to qualified immunity because his use of force was more than <u>de minimis</u> and was unreasonable under the circumstances.

"We review <u>de novo</u> a district court's disposition of a summary judgment motion based on qualified immunity, applying the same legal standards as the

---

[1] McCall does not appeal the district court's grant of summary judgment to Chief of Police Arthur Baylor and Mayor Bobby Bright. McCall also does not appeal the district court's decision not to exercise supplemental jurisdiction over his state-law claims. Accordingly, he has waived any argument as to those issues. <u>See</u> <u>Farrow v. West</u>, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003) (stating that issues not argued in a party's brief on appeal are waived).

district court." Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003). "We resolve all issues of material fact in favor of the plaintiff, and then determine the legal question of whether the defendant is entitled to qualified immunity under that version of the facts." Id. Because all material facts are viewed in the light most favorable to the plaintiff, the existence of a dispute over those facts does not preclude a grant or denial of summary judgment on the basis of qualified immunity. Robinson v. Arrugueta, 415 F.3d 1252, 1257 (11th Cir. 2005).

An officer seeking summary judgment on the basis of qualified immunity must first "show that he was acting within the scope of his discretionary authority at the time the alleged wrongful acts occurred." Durruthy, 351 F.3d at 1087. Here, McCall does not dispute that Officer Crosthwait was acting within the scope of his discretionary authority. The burden then shifts to the plaintiff to satisfy the two-prong Saucier[2] test. Id. First, the plaintiff must show as a threshold matter that the officer violated a constitutional right. Id. Second, if a constitutional right would have been violated under the plaintiff's version of the facts, he must also show that the constitutional right was clearly established at the time, meaning that a reasonable person should have known that the conduct violated that right. See id. In an excessive-force case, we determine whether the amount of force was proper

---

[2] Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

by asking whether a reasonable officer at the scene would have believed that the level of force used was necessary in the situation. Zivojinovich v. Barner, 525 F.3d 1059, 1072 (11th Cir. 2008) (per curiam).

Use of only de minimis force does not violate the Fourth Amendment, as long as the arrest or detention was otherwise lawful. Zivojinovich, 525 F.3d at 1072. Thus, "a minimal amount of force and injury . . . will not defeat an officer's qualified immunity." Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000). We have repeatedly held that a push or shove that causes pain and necessitates no or merely minor medical treatment is not a violation of the Fourth Amendment, even where the arrestee was handcuffed and no further force was necessary. See, e.g., Jones v. City of Dothan, 121 F.3d 1456, 1460-61 (11th Cir. 1997) (per curiam); Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993), modified, 14 F.3d 583 (11th Cir. 1994).

Viewed in the light most favorable to McCall, the facts indicate that Officer Crosthwait pushed him out of the jail's elevator, causing him to hit the partially open steel cell door and fall against the plexiglass window. McCall complained of pain in his shoulder and forearm. He was diagnosed with a bruise on his right elbow and shoulder and received a prescription for ibuprofen. McCall contends that he incurred additional injuries, as well, but nothing in the record indicates that

4

either the "old" fracture near his eye or his bulging disc were caused by the incident at the jail. Thus, as the district court found, the amount of force Officer Crosthwait used and the extent of McCall's injury were <u>de minimis</u>. <u>Cf.</u> <u>Jones</u>, 121 F.3d at 1460-61; <u>Post</u>, 7 F.3d at 1556. The district court did not err in finding that McCall had failed to prove a constitutional violation. Officer Crosthwait was therefore entitled to qualified immunity.

AFFIRMED.